**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NIDA NOOR and WASI TAHIR,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:26-cv-02500-O** |
| **SYNCHRONY BANK, KENAN INVESTMENTS INC. d/b/a CMA FLOORING & DESIGN d/b/a CARPET MILLS OF AMERICA, and BADER M. OBEID,** | § § § § § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT BADER M. OBEID'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

TO THE HONORABLE COURT:

Defendant Bader M. Obeid ("Obeid"), individually, files this Original Answer and Affirmative Defenses to Plaintiffs' Complaint and Demand for Jury Trial (ECF No. 1) (the "Complaint") under Rules 8 and 12 of the Federal Rules of Civil Procedure, and respectfully shows the Court as follows:

## I. PRELIMINARY STATEMENT

Obeid answers the Complaint in his individual capacity only. Defendant Kenan Investments Inc. d/b/a CMA Flooring & Design d/b/a Carpet Mills of America ("Kenan"), of which Obeid is president, is a separate legal person and answers separately through counsel. Every allegation of the Complaint that is not expressly admitted below is denied. The headings and subheadings of the Complaint are reproduced below for convenience only; they are not allegations, and to the extent any is construed as an allegation, it is denied. The unnumbered introductory

paragraph of the Complaint requires no response; to the extent one is required, Obeid denies that Plaintiffs are entitled to any relief against him.

## II. RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT

**Preliminary Statement**

1. Obeid admits that Plaintiffs contracted with Kenan for a kitchen remodel and paid Kenan a $2,500.00 deposit by check. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiffs' marital status and residence, and therefore denies them. Obeid denies the remaining allegations of Paragraph 1.

2. Obeid admits that on August 2, 2025, at Kenan's Carrollton showroom, Ms. Noor applied for a Synchrony Bank credit account, that Synchrony Bank approved the application, and that on the same day $25,000.00 was charged to the account as payment for the contracted project. Obeid denies that the charge was unauthorized. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Synchrony Bank's internal processing of the application or the charge, and therefore denies them. Obeid denies the remaining allegations of Paragraph 2, including the allegation that Kenan had done nothing in furtherance of the project.

3 to 7. Paragraphs 3 through 7 summarize Plaintiffs' claims, characterize the relief sought, and state jurisdictional and other legal conclusions to which no response is required. Obeid does not contest this Court's subject-matter jurisdiction over Plaintiffs' federal claims against Synchrony Bank under 28 U.S.C. § 1331 and 15 U.S.C. § 1640(e), the Court's supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims asserted against him, or personal jurisdiction. To the extent a response is otherwise required, Obeid denies

the allegations of Paragraphs 3 through 7 as they relate to him and denies that Plaintiffs are entitled to any relief against him.

8. Obeid admits that venue is proper in the Northern District of Texas, that Kenan's showroom is located in Carrollton, Dallas County, Texas, and that Kenan's principal place of business is in this District. Obeid denies the remaining allegations of Paragraph 8, if any.

**Parties**

9. Obeid admits that the Synchrony Bank account was opened in connection with financing the remodel of Plaintiffs' residential kitchen. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Ms. Noor's residence and therefore denies them. Whether Ms. Noor is a "consumer" or an "obligor" under the Truth in Lending Act or Regulation Z states legal conclusions to which no response is required; to the extent a response is required, those allegations are denied.

10. Obeid admits that Mr. Tahir participated with Ms. Noor in the remodeling transaction and that the $2,500.00 deposit was paid to Kenan. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Mr. Tahir's residence and marital status, and therefore denies them. Obeid denies the remaining allegations of Paragraph 10.

11. Paragraph 11 concerns Defendant Synchrony Bank. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11 and therefore denies them. To the extent Paragraph 11 states legal conclusions to which no response is required, no response is required.

12. Obeid admits that Kenan Investments Inc. is a Texas corporation with its principal place of business at 2305 E. Belt Line Road, Suite 120, Carrollton, Texas 75006; that it does

business under the assumed names CMA Flooring & Design and Carpet Mills of America; and that Obeid is its registered agent. Obeid denies the remaining allegations of Paragraph 12.

13. Obeid admits that he is a natural person who resides in Texas, that he is the president and registered agent of Kenan Investments Inc., and that he communicated with Plaintiffs concerning the remodeling project on Kenan's behalf and in his capacity as Kenan's officer and agent. Obeid denies that he acted "for himself," denies that he "demanded" that Plaintiffs open a credit line, denies that he admitted fault, denies that he promised Plaintiffs a full refund, and denies the remaining allegations of Paragraph 13.

**Factual Allegations**

**A. The Kitchen-Remodel Contract and the $25,000.00 Charge**

14. Obeid admits that on or about July 15, 2025, Plaintiffs and Kenan entered into a written agreement for a kitchen remodel under Invoice No. CG500123, that the contract price was $28,200.00, and that Plaintiffs paid a $2,500.00 deposit by check. Obeid denies that he is a party to that agreement in his individual capacity. Obeid denies the remaining allegations of Paragraph 14.

15. Obeid admits that the written agreement identifies the scope of work for the project. The agreement's terms are as written, and Obeid denies any characterization of the agreement that is inconsistent with those terms. Obeid denies the remaining allegations of Paragraph 15.

16. Obeid denies that Kenan "failed to begin the work." Obeid admits that Plaintiffs visited Kenan's Carrollton showroom on August 2, 2025, and that Ms. Noor completed a Synchrony Bank financing application there on a showroom computer. Obeid denies that

he "demanded" that Plaintiffs open a credit line, denies that opening a credit line was imposed as a condition of proceeding with the project, denies that the application was completed merely as a "precautionary financing option," and denies the remaining allegations of Paragraph 16.

17. Obeid admits that Synchrony Bank approved Ms. Noor's application on August 2, 2025. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the account numbers, credit limit, promotional terms, and Synchrony Bank's internal characterization of the account, and therefore denies them. To the extent Paragraph 17 states legal conclusions to which no response is required, no response is required.

18. Obeid admits that on August 2, 2025, $25,000.00 was charged to Ms. Noor's Synchrony Bank account as payment for the contracted project. Obeid denies that the charge was unauthorized. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning what Synchrony Bank has or has not produced to Plaintiffs, and therefore denies them. Obeid denies the remaining allegations of Paragraph 18.

19. Paragraph 19 concerns statements issued by Synchrony Bank to Ms. Noor. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 and therefore denies them.

**B. Plaintiffs Discover the Charge; CMA Flooring Performs No Work**

20. Obeid admits that in early September 2025 he, on Kenan's behalf, communicated with Plaintiffs regarding the project schedule and pricing, and that Kenan provided Plaintiffs a revised written proposal dated on or about September 6, 2025 that states an amount of

$24,850.00. The proposal's terms, including its treatment of the $2,500.00 deposit, are as written. Obeid denies that he "accepted responsibility" for project delays as alleged, denies that the revised proposal concealed the financing or the charge from Plaintiffs, and denies the remaining allegations of Paragraph 20.

21. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21 and therefore denies them.

22. Obeid admits that Mr. Tahir visited Kenan's showroom in September 2025 and spoke with him. Obeid denies that any charge to Ms. Noor's account was unauthorized, denies that he promised to refund an "unauthorized charge," and denies the remaining allegations of Paragraph 22.

23. Obeid admits that in September 2025 Plaintiffs communicated to Kenan their election to cancel the project. Obeid denies the remaining allegations of Paragraph 23.

24. Obeid denies that no services were performed under the agreement. Before Plaintiffs cancelled the project, Kenan performed work and incurred costs in furtherance of the project, including in connection with materials for the project. Obeid admits that on-site installation had not commenced when Plaintiffs cancelled, and denies the remaining allegations of Paragraph 24.

**C. Ms. Noor's Timely Disputes and Synchrony's Shifting Denials**

25. Paragraph 25 concerns Ms. Noor's communications with Synchrony Bank. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25 and therefore denies them. Obeid denies that any charge was made without Plaintiffs' knowledge or authorization.

26. Obeid admits that in or about October 2025 Kenan submitted a written response and an invoice to Synchrony Bank in connection with Ms. Noor's dispute, and denies any characterization of those documents that is inconsistent with their contents. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Synchrony Bank's receipt, acknowledgment, or investigation of the dispute, and therefore denies them. Obeid denies the remaining allegations of Paragraph 26.

27. Paragraph 27 concerns correspondence from Synchrony Bank to Ms. Noor. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27 and therefore denies them.

28. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28 and therefore denies them.

29. Paragraph 29 characterizes Ms. Noor's disputes to Synchrony Bank and Synchrony Bank's responses. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 and therefore denies them. Obeid denies that any charge was processed without authorization and denies that Kenan performed no work or incurred no costs in furtherance of the agreement.

30. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30 concerning any police report or its transmittal to Synchrony Bank, and therefore denies them. Obeid denies that Kenan or Obeid engaged in any criminal or wrongful conduct.

31. Paragraph 31 concerns correspondence from Synchrony Bank to Ms. Noor. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31 and therefore denies them.

32. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32 and therefore denies them. Obeid denies that Kenan performed no work or incurred no costs in furtherance of the agreement before Plaintiffs' cancellation.

33. Paragraph 33 concerns correspondence from Synchrony Bank to Ms. Noor. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33 and therefore denies them.

34. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34 and therefore denies them.

35. Paragraph 35 concerns correspondence from Synchrony Bank to Ms. Noor. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35 and therefore denies them.

36. Paragraph 36 concerns correspondence from Synchrony Bank to Ms. Noor. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36 and therefore denies them.

37. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37 and therefore denies them.

**D. The Provisional Credit and Its Unexplained Reversal**

38. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38 and therefore denies them.

39. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 39 and therefore denies them.

40. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40 and therefore denies them.

41. Paragraph 41 concerns a letter from Synchrony Bank responding to Ms. Noor's complaints to the Consumer Financial Protection Bureau. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41 and therefore denies them.

42. Paragraph 42 characterizes Synchrony Bank's responses and states legal conclusions to which no response is required. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42 and therefore denies them. Obeid denies that Ms. Noor did not authorize the charge and denies that Kenan performed no work or incurred no costs in furtherance of the agreement.

**E. The Merchant's Admission and the March 10, 2026 Supplemental Dispute**

43. Obeid admits that in or about March 2026 he, on Kenan's behalf, met with Plaintiffs to discuss their complaints. Obeid denies that he acknowledged fault or liability, denies that he agreed to refund all of Plaintiffs' money, denies that Kenan ceased communications with Plaintiffs, and denies the remaining allegations of Paragraph 43.

44. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44 and therefore denies them. Obeid denies the accuracy of any "witness affidavit" to the extent it asserts that he admitted fault or promised a full refund.

45. Obeid admits that Kenan received Plaintiffs' counsel's letter dated on or about March 26, 2026 by email and by regular mail, and that the copy sent by certified mail was not claimed. Obeid denies the remaining allegations of Paragraph 45.

46. Obeid admits that Kenan, through him, proposed to Plaintiffs alternatives for resolving their complaints. Obeid denies Plaintiffs' characterization of those proposals and denies the remaining allegations of Paragraph 46.

**F. Plaintiffs' Damages**

47. Paragraph 47 concerns Ms. Noor's Synchrony Bank account statements and the terms of her account. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 47 and therefore denies them.

48. Obeid admits that Kenan, and not Obeid individually, received Plaintiffs' $2,500.00 deposit and the proceeds of the $25,000.00 charge remitted by Synchrony Bank. Obeid denies that Plaintiffs "received nothing," denies that Kenan performed no work, and denies the remaining allegations of Paragraph 48.

49. Obeid denies that any conduct of his caused Plaintiffs damages. Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiffs' complaints to governmental agencies, Ms. Noor's pregnancy, and the condition of Plaintiffs' kitchen, and therefore denies them. Obeid denies the remaining allegations of Paragraph 49.

**Count I: Violations of the Fair Credit Billing Act (By Plaintiff Noor Against Defendant Synchrony Bank)**

50. Obeid incorporates his responses to Paragraphs 1 through 49.

51 to 59. Count I is asserted against Synchrony Bank only, and no response from Obeid is required. To the extent a response is required, Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraphs 51 through 59 concerning Synchrony Bank's conduct, and therefore denies them; denies that the charge to Ms. Noor's account was unauthorized, that Kenan performed no work in furtherance of the agreement, or that Kenan or he admitted fault or agreed to a full refund; denies that Plaintiffs have a valid claim of non-delivery, breach, or fraud against Kenan of the kind

referenced in Paragraph 57; and denies that Plaintiffs are entitled to any relief against him under Count I.

**Count II: Violation of the Truth in Lending Act, 15 U.S.C. § 1643 (By Plaintiff Noor Against Defendant Synchrony Bank, in the Alternative)**

60. Obeid incorporates his responses to Paragraphs 1 through 59.

61. Obeid denies that Ms. Noor completed the credit application merely as a "precautionary financing option" and denies that the $25,000.00 charge on August 2, 2025 was unauthorized.

62 to 65. Count II is asserted against Synchrony Bank only, and no response from Obeid is required. To the extent a response is required, Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraphs 62 through 65 concerning Synchrony Bank's conduct, and therefore denies them; denies that the charge was unauthorized; and denies that Plaintiffs are entitled to any relief against him under Count II.

**Count III: Violations of the Texas Deceptive Trade Practices-Consumer Protection Act (By Both Plaintiffs Against Defendants Kenan Investments Inc. and Bader M. Obeid)**

66. Obeid incorporates his responses to Paragraphs 1 through 65.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, Obeid admits that Plaintiffs contracted with Kenan for a residential kitchen remodel and denies the remaining allegations of Paragraph 67.

68. Obeid denies the allegations of Paragraph 68, including each of subparts (a) through (f). Obeid denies that Kenan or he represented an intention to perform that did not exist, that Plaintiffs were required to open a credit line as a condition of performance, that any charge was unauthorized or concealed, that any false representation was made to Synchrony Bank,

that he admitted fault or promised a full refund, or that Kenan performed no work in furtherance of the agreement.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Obeid denies the allegations of Paragraph 69 and denies that Kenan or he violated Tex. Bus. & Com. Code § 17.46(b)(7), (9), (12), (22), or (24).

70. Obeid denies the allegations of Paragraph 70.

71. Obeid denies the allegations of Paragraph 71, denies that he acted knowingly or intentionally within the meaning of the DTPA, and denies that Plaintiffs are entitled to recover economic damages, mental-anguish damages, additional damages, attorney's fees, or costs from him.

72. Obeid admits that a letter from Plaintiffs' counsel dated on or about March 26, 2026 was addressed to Kenan and to him, that Kenan received it by email and by regular mail, and that the copy sent by certified mail was not claimed. Whether the letter satisfies Tex. Bus. & Com. Code § 17.505 states legal conclusions to which no response is required; to the extent a response is required, Obeid denies that the letter constitutes sufficient notice under § 17.505 as to Obeid individually. Obeid denies the remaining allegations of Paragraph 72.

**Count IV: Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing (By Both Plaintiffs Against Defendants Kenan Investments Inc. and Bader M. Obeid)**

73. Obeid incorporates his responses to Paragraphs 1 through 72.

74. Obeid admits that on or about July 15, 2025, Plaintiffs and Kenan entered into a written agreement for the remodeling of Plaintiffs' kitchen under Invoice No. CG500123, and that Kenan provided Plaintiffs a revised written proposal dated on or about September 6, 2025 that states an amount of $24,850.00. The terms of those documents, including the treatment

of the $2,500.00 deposit, are as written. Obeid denies that he is a party to that agreement in his individual capacity. Obeid denies the remaining allegations of Paragraph 74.

75. Obeid denies that Plaintiffs performed all of their obligations under the agreement; Plaintiffs cancelled the project. Obeid admits that Kenan, and not Obeid individually, received the $2,500.00 deposit and the proceeds of the $25,000.00 charge remitted by Synchrony Bank. Obeid denies that Kenan performed no work and denies the remaining allegations of Paragraph 75.

76. Obeid denies the allegations of Paragraph 76.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Obeid denies that he owed Plaintiffs a duty of good faith and fair dealing and denies the remaining allegations of Paragraph 77.

78. Obeid denies the allegations of Paragraph 78 and denies that Plaintiffs are entitled to recover damages, consequential damages, or attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code from him.

**Count V: Breach of Contract (By Plaintiff Noor Against Defendant Synchrony Bank)**

79. Obeid incorporates his responses to Paragraphs 1 through 78.

80 to 85. Count V is asserted against Synchrony Bank only, and no response from Obeid is required. To the extent a response is required, Obeid lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraphs 80 through 85 and therefore denies them, denies that any charge to Ms. Noor's account was unauthorized, and denies that Plaintiffs are entitled to any relief against him under Count V.

**Prayer for Relief and Jury Demand**

Obeid denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, including subparagraphs (a) through (h), or to any relief against him. Plaintiffs' jury demand requires no response.

## III. AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof or persuasion that rests on Plaintiffs, and pleading in the alternative where appropriate, Obeid asserts the following defenses.

1. **Failure to state a claim.** The Complaint fails, in whole or in part, to state a claim against Obeid individually upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

2. **Obeid is not a party to the contract (Count IV).** The written agreement sued upon is between Plaintiffs and Kenan. Obeid signed it, if at all, only as Kenan's officer and agent; he undertook no personal obligation to Plaintiffs and received none of Plaintiffs' funds in his individual capacity. Obeid cannot be liable for breach of a contract to which he is not a party, and the Complaint pleads no basis for disregarding Kenan's corporate form. To the extent Plaintiffs seek to hold Obeid, a holder of shares in and an affiliate of Kenan, liable for Kenan's contractual obligations on a theory of alter ego, sham to perpetrate a fraud, or any similar theory, Tex. Bus. Orgs. Code § 21.223(a)(2) and (b) bar that liability absent proof that Obeid caused Kenan to be used to perpetrate, and did perpetrate, an actual fraud primarily for his direct personal benefit. No such facts are pleaded.

3. **No personal DTPA violation; no producing cause; no reliance (Count III).** A corporate agent is personally liable under the DTPA only for violations he himself commits. *Miller v. Keyser*, 90 S.W.3d 712, 717-18 (Tex. 2002); see *Keyes v. Weller*, 692 S.W.3d 274 (Tex. 2024). Obeid denies that he personally committed the wrongful conduct alleged in

Paragraphs 13, 16, and 68 of the Complaint: he did not demand that Plaintiffs open a credit line or condition the project on their doing so, did not charge Ms. Noor's account without authorization, did not conceal the charge, did not make any false representation to Plaintiffs or to Synchrony Bank, and did not admit fault or promise a full refund. Kenan's alleged nonperformance of the agreement, without more, is not a false, misleading, or deceptive act or an unconscionable action under the DTPA and cannot support liability against Obeid individually. *Crawford v. Ace Sign, Inc.,* 917 S.W.2d 12, 13-14 (Tex. 1996) (per curiam). Obeid further denies that any act of his was a producing cause of Plaintiffs' alleged damages and denies that Plaintiffs relied to their detriment on any act or practice of his enumerated in Tex. Bus. & Com. Code § 17.46(b), as § 17.50(a)(1)(B) requires.

4. **No duty of good faith and fair dealing.** Texas law does not impose a general duty of good faith and fair dealing in the performance of arm's-length contracts, and no special relationship existed between Plaintiffs and Obeid that would give rise to such a duty. *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983).

5. **Plaintiffs' cancellation.** Plaintiffs elected to cancel the project in September 2025, before installation had begun and before Kenan had materially breached the agreement. The consequences of Plaintiffs' cancellation, including any cancellation or restocking charge, are governed by the cancellation provisions of the written agreement between Plaintiffs and Kenan.

6. **Offset and one satisfaction.** Any recovery by Plaintiffs against Obeid must be reduced by any amount that has been permanently refunded, credited, or otherwise paid to Plaintiffs, by Kenan or by Synchrony Bank, on account of the same injury, and Plaintiffs may not obtain more than one satisfaction for the same loss.

7. **Failure to mitigate.** Plaintiffs failed to take reasonable steps to avoid or reduce their alleged losses, and any recovery must be reduced accordingly.

8. **Proportionate responsibility (Count III).** Chapter 33 of the Texas Civil Practice and Remedies Code applies to Plaintiffs' DTPA claim. Tex. Civ. Prac. & Rem. Code § 33.002(a)(2). To the extent Plaintiffs' alleged damages were caused by the conduct of Plaintiffs, of Synchrony Bank, or of any other person, Obeid requests submission of the percentages of responsibility of each claimant, defendant, and responsible third party under § 33.003, and reserves the right to designate responsible third parties under § 33.004.

9. **No knowing or intentional conduct.** Obeid did not act knowingly or intentionally within the meaning of Tex. Bus. & Com. Code § 17.45(9) and (13). Plaintiffs are therefore not entitled to mental-anguish damages or to additional damages under § 17.50(b)(1).

10. **DTPA settlement offer.** Obeid reserves every right and limitation on recovery available under Tex. Bus. & Com. Code § 17.5052 with respect to any settlement offer he tenders in compliance with that section.

11. **Attorney's fees.** Plaintiffs are not entitled to attorney's fees from Obeid under Chapter 38 of the Texas Civil Practice and Remedies Code because Obeid is not a party to the contract sued upon, and are not entitled to fees under the DTPA because they will not prevail on any DTPA claim against him. Obeid reserves his right to seek attorney's fees and costs under Tex. Bus. & Com. Code § 17.50(c) to the extent Plaintiffs' DTPA claim is groundless, brought in bad faith, or brought for the purpose of harassment.

12. **Arbitration.** To the extent the written agreement between Plaintiffs and Kenan, or any other agreement enforceable by Obeid, requires arbitration of the claims asserted against

Obeid, Obeid invokes that provision and reserves his right to move to compel arbitration and to stay this action.

13. **Reservation.** Obeid reserves the right to amend this Answer to assert additional defenses, counterclaims, or cross-claims that investigation or discovery may reveal, in accordance with Federal Rules of Civil Procedure 13 and 15 and the Court's scheduling order.

## IV. JURY DEMAND

Under Federal Rule of Civil Procedure 38, Obeid demands a trial by jury on all issues so triable.

## V. PRAYER

Obeid respectfully requests that Plaintiffs take nothing by their claims against him; that judgment be entered in his favor on all claims asserted against him; that he recover his costs of court and, to the extent permitted by law, his reasonable attorney's fees; and that he be granted all other relief to which he may be justly entitled.

Dated: September 25, 2026.

Respectfully submitted,

AMS LAW GROUP, PLLC

*/s/ Sam Almasri*
Sam Almasri
State Bar No. 24053071
811 S. Central Expressway, Suite 600
Richardson, Texas 75080
Telephone: (888) 960-8363
Facsimile: (888) 960-8361
Email: sam@amslawgrp.com

**ATTORNEY FOR DEFENDANT**
**BADER M. OBEID, INDIVIDUALLY**

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2026, a true and correct copy of the foregoing Defendant Bader M. Obeid's Original Answer and Affirmative Defenses was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record, including Amy Beth Clark, Ciment Law Firm, PLLC, 400 E. Weatherford St., Fort Worth, Texas 76102, amy@cimentlawfirm.com, counsel for Plaintiffs, and Justin R. Opitz, McGuireWoods LLP, Dallas, Texas, jopitz@mcguirewoods.com, counsel for Defendant Synchrony Bank.

*/s/ Sam Almasri*
Sam Almasri